UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Willie Rowland Williams, II, # 09032521, | ) C/A No. 9:10-143-MBS-BM |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Sargent Rosemary Sanders, and Captain Cliff McElvogue, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a local detention center detainee.[1] Plaintiff, along with three other fellow detainees at the Hill-Finklea Detention Center (Berkeley County, South Carolina), filed a Complaint in this case seeking damages and other relief arising from allegedly unconstitutional conditions of confinement at the detention center. Three new cases were created for Plaintiff's fellow detainees and this case was continued with Willie Williams as the sole Plaintiff. (Entry 6). It is noted that Plaintiff has another civil action currently pending in this Court against the same Defendants as those named in this case. *Williams v. Sanders*, Civil Action No. 9:09-3014-PMD-BM ("earlier-filed case").

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).



1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Following close review of the allegations contained in the Complaint filed in this case and those contained in the earlier-filed case, it is clear that this case is completely duplicative of Civil Action No. 9:09-3014-PMD-BM. The subject matter is the same: conditions of confinement at the Hill-Finklea Detention Center, and all parties are the same. Although the summons was issued and the complaint sent out for service in the earlier-filed case on December 2, 2009 (Entries 7 & 8 in that case), review of the docket of that case discloses that no responsive pleadings have yet been filed by the defendants in that case. As a result, to the extent that the Complaint in this case contains allegations about conditions that might have arisen since the time of the filing of the complaint in

Civil Action No. 9:09-3014-PMD-BM, Plaintiff may supplement his pleadings in the earlier filed case with any subsequent matters described only in the Complaint in this case. *See* Fed. R. Civ. P. 15(d). Although he has already filed his one amended complaint "as a matter of course" in the earlier-filed case (Entry 11 in that case), Plaintiff could also seek leave of Court to file a second amended complaint in that case if he believes that necessary. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff will have a full opportunity to litigate his claims against Defendants Sanders and McElvogue within the appropriate confines of applicable Court procedures in Civil Action No. 9:09-3014-PMD-BM, and there is no need for him to prosecute a second, virtually identical lawsuit against the same individuals.

This Court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Furthermore, Plaintiff should be aware that the United States Congress determined quite some time ago that in every federal lawsuit filed by a prisoner in this country, the prisoner becomes financially responsible for a non-dischargeable debt to the United States government in the full amount of the court filing fee in effect at the time the case is filed. This debt becomes the prisoner's financial responsibility under the applicable statutes whether the case he or she files is ultimately served and pursued to summary judgment or trial or whether it is dismissed by the Court following initial review. This determination by the Congress was made the law of the land and is



published in the United States Code. *See* 28 U.S.C. §§ 1914, 1915. Accordingly, it is in Plaintiff's financial interests to carefully consider the number of federal lawsuits that he files, particularly the number of clearly duplicative lawsuits such as this one.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 10, 2010
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

